UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOSEPH PETERSON,

                     Petitioner,

vs.

WARDEN BAIRD,

                     Respondent.

Case No. 1:25-cv-00690-DKG

**INITIAL REVIEW ORDER**

Petitioner Joseph Peterson (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

All parties are deemed to have knowingly and voluntarily consented to proceed before a Magistrate Judge because none filed a declination of consent form with the Clerk

**INITIAL REVIEW ORDER - 1**

of Court within the time frame set forth in the Notice of Assignment Setting Deadline. *See* Dkt. 5.

Having reviewed the Petition, the Court preliminarily concludes that Petitioner's claims are untimely and procedurally defaulted.

## REVIEW OF PETITION

### 1. Background

Petitioner pleaded guilty to and was convicted of aggravated battery in Ada County, Idaho. He was sentenced to an incarceration term of five years fixed, followed by 10 years indeterminate. The Idaho Supreme Court Register of Actions shows that his final judgment on his sentence was entered on February 27, 2017, and an order of restitution and judgment was entered on January 30, 2018.[1] Petitioner did not file a direct appeal or a post-conviction case *See* Dkt. 3.

### 2. Discussion

In the Petition for Writ of Habeas Corpus, Petitioner asserts the following claims: (1) illegal plea bargain; (2) illegal restitution; (3) "slavery law violation—victims restitution"; and (4) "slavery law violation—imprisonment pay." Dkt. 3 at 6-9.

Because the judgments at issue were entered in 2017 and 2018, and Petitioner did not pursue a direct appeal or post-conviction application that might have extended finality

---

[1]    *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0# (search: Peterson, Joseph Alan; accessed 3/9/2026).

**INITIAL REVIEW ORDER - 2**

or tolled the one-year federal statute of limitations, it appears that the Petition is untimely. In addition, the claims appear to be procedurally defaulted, meaning that Petitioner failed to present them as federal claims to the Idaho Supreme Court before filing his Petition in federal court. These standards of law are explained below.

The Court does not have the full record before it to make a final determination on these procedural matters. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and provide the state court record.

### 3. Standards of Law

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

### A. *Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for

State postconviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). If a state appellate court previously concluded that an "application for State postconviction or other collateral review" was not "properly filed" under state procedural rules, it will not toll the AEDPA statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

If, after applying statutory tolling, a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace*, the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. at 418. To qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). To qualify for the exception, the petitioner "must show that it

**INITIAL REVIEW ORDER - 4**

is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 397 (quoting *Schlup v. Delo*, 513 U.S. at 327).

**B.     *Exhaustion of State Court Remedies***

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id*.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to

**INITIAL REVIEW ORDER - 5**

comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

## ORDER

### IT IS ORDERED:

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondents, at Mr. Anderson's registered ECF address.

2. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

3. Petitioner's request for Appointment of Counsel (contained in the Petition) is DENIED without prejudice. The Court will reconsider appointment of counsel if an evidentiary hearing is required.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

5. Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondents' answer and brief, which shall be filed and served **within 30 days** after service of the answer.

**INITIAL REVIEW ORDER - 7**

Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service,

**INITIAL REVIEW ORDER - 8**

and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 9**

DATED: March 11, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 10**