UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOSEPH PETERSON,

Petitioner,

vs.

WARDEN BAIRD,

Respondent.

Case No. 1:25-cv-00690-DKG

**MEMORANDUM DECISION AND ORDER**

The Court now considers dismissal of Joseph Peterson's Petition for Writ of Habeas Corpus, containing four claims. (Dkt. 3.) All parties to this habeas corpus action are deemed to have knowingly and voluntarily consented to proceed before a United States Magistrate Judge because none filed a declination of consent with the Clerk of Court within the time frame in the Notice of Assignment Setting Deadline. (*See* Dkt. 5.)

Respondent Warden Baird has filed a Motion for Summary Dismissal asking the Court to dismiss with prejudice some or all claims on three grounds: (1) the Petition was filed beyond the statute of limitations; (2) the claims have never been presented to the Idaho Supreme Court in a proper manner, and it is now too late to do so; and (3) Claims Two and Three are noncognizable and are subject to dismissal for failure to state a claim.

(Dkt. 13.) Plaintiff has filed a Motion to Dismiss and a Motion for Summary Judgment. (Dkts. 11, 15.) The motions are ripe for adjudication.

Having reviewed the parties' filings and the state court record, the Court enters this Order granting Respondent's Motion on ground (3) above. In addition, under authority of Rule 4 of the Rules Governing § 2254 Cases and relevant case law, the Court summarily dismisses the remainder of the Petition for failure to state claims upon which habeas corpus relief can be granted.

## RESPONDENT'S PROCEDURAL ARGUMENTS

### 1. Statute of Limitations Discussion

A. Standard of Law

The Petition is governed by Title 28 U.S.C.§ 2254(d), *et seq*., as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). A federal habeas corpus petition challenging a state conviction and sentence must be filed within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The trigger applicable here is that a state court order or judgment becomes final 42 days after entry if an appeal is not filed. *See* Idaho Appellate Rule 14. "Finality" is measured from the date the appeal period expires, and the federal statute begins running on that date, not the following day, and not the date of any remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 149-150 (2012). *One year* means 366 days, for

example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA)).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

B. Statute of Limitations Calculation

On February 23, 2017, the state district court sentenced Peterson to fifteen years of imprisonment with five years fixed and ten years indeterminate. (A-5, A-6.) Judgment was entered on February 27, 2017. (A-6.) Peterson did not appeal. (A-1, pp. 15–16.)

On January 30, 2018, the state district court entered an order of restitution, directing Peterson to pay restitution of $59,283.32 (in joint and several liability with two co-defendants) to the entities identified as crime victims. (A-9.) Peterson did not file an appeal from the order of restitution.[1] (A-1, p. 17.)

[1] As explained below, restitution is not a cognizable habeas corpus claim. Therefore, the statute of limitations calculations assume, for the sake of argument only, that the claims are cognizable.

The criminal judgment and restitution order became final 42 days after entry because no appeals were filed. I.A.R. 14(a). The 2017 criminal judgment became final on April 10, 2017, which is 42 days after judgment was entered (A-6). The federal statute of limitations began running on that day and ended one year later, on April 10, 2018.

The 2018 restitution order became final on March 13, 2018, which is 42 days after the order was entered (A-9). The federal statute of limitations began running on that date and ended on March 13, 2019.

Peterson filed a state post-conviction petition on December 16, 2019. (B-1.) Because it was filed *after* both federal statutes of limitation had expired, it did not statutorily toll the federal limitations period under 28 U.S.C. § 2244(d)(2). The same is true of Peterson's second post-conviction petition, filed on November 17, 2022. (E-1.)

Based on the state court record, the Court concludes that the Petition for Writ of Habeas Corpus is untimely and subject to dismissal with prejudice unless Peterson can show the actual innocence exception or the equitable tolling exception should be applied.

C. <u>Legal Excuses Permitting the Court to Hear Untimely Claims</u>

The Court and Respondent provided Peterson with the appropriate standards of law for establishing equitable tolling. (*See* Dkts. 6, 13-1.) In response to the Motion for Summary Dismissal, Peterson filed a "Motion for Summary Judgment," asserting that the Initial Review Order stated that the record showed "factual innocence," and therefore, the time limit issue is "void." (Dkt. 15, p. 1.) Peterson also filed a "Motion to Dismiss the

Respondent's Motion for Time Extension," which suggests that Peterson believes he does not have to provide any facts to support his actual innocence assertion. (Dkt. 11, p.1.)

Peterson is mistaken. The Court informed Peterson only that it appeared that the Petition was untimely and the claims procedurally defaulted. The Court explained that these issues would be addressed after Respondent filed an answer or motion and lodged the state court record. (Dkt. 6, pp. 2-3.)

The Court provided Petitioner with the general standards of law for showing that his petition was timely filed or that the actual innocence or statutory tolling exceptions should be applied. (*Id*., pp. 3-5.) The Order did *not* inform Petitioner that application of the actual innocence exception was warranted in his case. Peterson received the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirement," which also explained his duty to respond to the Motion. (Dkt. 14.)

In response to the Motion for Summary Dismissal, Peterson did not provide any facts showing that one of the exceptions applies. (*See* Dkt. 15.) The Court has conducted an independent review of the record and concludes that Peterson is not actually innocent, but equitable tolling may apply.

**i. *Actual Innocence***

The background facts of the crime are as follows. On May 30, 2016, Damian Ayarzagoitia (age 38) convinced Peterson and David Blong (both age 20), to attempt to murder Ryan Larimore. All four men were members of Boise's transient community. The

three perpetrators lured Larimore to a Boise public park. Ayarzagoitia told Blong to strike Larimore in the head, and Blong did so. *See* Appellant's Brief at *2, *State v. Blong*, 2018 WL 1762756 (Idaho Ct. App. 2018). "Ayarzagoitia then told Blong to stab Victim to paralyze him and stab him in the throat to bleed out. Blong didn't want to, but stabbed Victim in the back" of the neck. (A-21, p. 2.) "Ayarzagoitia then told defendant Peterson to stab Victim in the throat. Defendant Peterson did stab the victim in the neck, but in an area that wouldn't cause much damage (per his statement)" (*Id*. (parenthetical in original).) Larimore was stabbed again in the neck and above his right eye. *See* Respondent's Brief at 4, *State v. Blong*, 2018 WL 2445214 (Idaho Ct. App. 2018) citing Blong Presentence Investigation Report).

Larimore escaped and was taken to the hospital. He was treated for four non-fatal stab wounds. Several days after the incident, Peterson went to the Boise Police station and reported that Larimore had been labeled a "target" or snitch" in the transient community, and Ayarzagoitia had coerced Peterson to attempt to murder Larimore. (A-21 p. 2.)

Peterson was charged with Aggravated Battery by Causing Great Bodily Harm and Disability or Permanent Disfigurement under I.C. § 18-907(1)(a) for using a knife to cut Larimore's throat and/or neck, and a Sentencing Enhancement for Use of a Deadly Weapon in Commission of a Felony, under I.C. § 19-2520, for using a knife in commission of the crime. (A-2, pp. 1-2, Amended Information.) He entered into a plea

agreement to plead guilty to the first charge in exchange for dismissal of the second charge.

In June 2020, Peterson filed a late motion to withdraw his guilty plea in state court. (A-18.) Peterson asserted that he was innocent of hitting Larimore in the head with a bicycle lock. Peterson alleged that the prosecutor "framed him in court for the … bike lock hits to the head which [he] never committed." (A-18 at 3.) This allegation is not grounds for an "actual innocence" finding, because the Amended Information charged him only with using a knife, not a bike lock. (A-9.)

Peterson also alleged that police officers withheld an audio recording of him testifying that he "had refused to sever[] open the victim[']s jugular artery [sic] which in court could have helped drop my case." (A-18, p. 8.) However, the record *does* contain facts that, instead of trying to sever Larimore's jugular vein as Ayarzagoitia instructed, Peterson decided instead to stab Larimore in the another place on the neck, hoping to inflict only a non-fatal wound. Peterson was not charged with attempted murder, only aggravated battery, which does not require that Peterson intended to sever Larimore's jugular vein. The Amended Information complains only that Peterson used a knife and caused great bodily harm and permanent injury by the knife cut that Peterson admitted inflicting. These allegations do not show that Peterson is actually innocent of the aggravated battery conviction.

Peterson also argues that, although there is photographic evidence of the victim's wounds, the prosecution has never explained how three men could have caused only two stab wounds. (A-19 at 3.) The record shows that Ayarzogoitia directed the crime, which could account for why three men were charged with a crime arising from two stab wounds. The record also shows that Larimore was treated for four stab wounds. Therefore, the photographs do not show that only the *other* two co-defendants stabbed Larimore, and Peterson did not. And, as mentioned above, the record shows that Peterson confessed that he stabbed Larimore in a manner to inflict only a non-fatal wound, which constitutes aggravated battery.

**ii. *Equitable Tolling***

The Court also reviewed the record for equitable tolling grounds. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To qualify for equitable tolling, a circumstance must have *caused* the petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

After Peterson filed his first motion to withdraw his guilty plea in state court, his counsel filed a motion for an order of mental health evaluation on August 28, 2020. (A-

22.) Peterson's counsel stated that Peterson had been declared incompetent to proceed in another criminal action, CR01-17-2991, on July 18, 2019, by Judge Nancy Baskin. (A-24, p. 1.) As noted above, 2018 and 2019 were the years during which Petitioner should have been pursuing his state and federal remedies. It appears that, for at least some of this time period, Peterson was impeded by a mental health condition that rendered him incompetent, but there is not enough evidence in the record to make a final decision on this issue.

**2. Exhaustion of State Court Remedies Discussion**

A. Standard of Law

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. Under these circumstances, the claim is "procedurally defaulted." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A

procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

B. Review of State Court Record for Exhaustion

Peterson acknowledges that he never filed a direct appeal to the Idaho Supreme Court challenging his conviction or the order of restitution. (Dkt. 3, p. 2; A-1.) Although he filed two state post-conviction petitions, both were dismissed as untimely by the district court, and he did not appeal those decisions to the Idaho Supreme Court. (B-1, B-4, E-1, E-4.) Because Peterson has failed to properly present his federal claims to the Idaho Supreme Court, his claims are procedurally defaulted.

As set forth above, Peterson has not shown actual innocence, but he may be able to show "cause" arising from his adjudication of incompetency. The Court does not have sufficient facts before it to determine this issue.

## REVIEW OF COGNIZABILITY AND MERITS OF CLAIMS

Federal courts are not required to address a procedural issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518 (1997). Where a procedural question presents a complicated question of law and is unnecessary to a disposition of the case, a court may proceed to the merits. *Hudson v. Jones*, 351 F.3d 212 (6th Cir. 2003); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding

against the petitioner on the merits even though the claim was procedurally defaulted); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Court has authority to dismiss a habeas corpus petition without an answer from the Respondent. Rule 4 of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because the claims in the Petition were not decided by the state courts, this Court applies the de novo review standard. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

**1. Claim One**

Claim One asserts that Peterson's conviction arose from an "illegal plea deal." (Dkt. 3 at 6.) Peterson argues that he was given "a deal" of 5 years fixed with 10 years indeterminate, with the weapon enhancement dismissed in the plea agreement. He complains that he was treated unfairly, because his co-defendants were *not* charged with a weapon enhancement.

A. Eighth Amendment

Regardless of *how* the three defendants were charged, Peterson's co-defendants each received a sentence that is twice as long as Peterson's: Blong received a 15-year fixed sentence, followed by a 15-year indeterminate sentence; and Ayarzagoitia, a fixed

30-year sentence. (Dkt. 3, p. 6.) The complaint of unfair sentencing is unsupported by the facts in the record.

In addition, a sentencing claim for a term of years is not cognizable on federal habeas corpus review unless the petitioner shows that his sentence violated the Eighth Amendment's Cruel and Unusual Punishment Clause. In *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court held that a sentence of life imprisonment with an opportunity for parole after twelve years did not constitute cruel and unusual punishment in a situation where a defendant with two prior felony convictions was convicted of obtaining $120.75 by false pretenses. In *Hutto v. Davis*, 454 U.S. 370, 372 (1982), the Supreme Court noted that it had "never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment."

Later case law confirms this same principle. *See, e.g., Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing cocaine, and rejecting a disproportionate sentence argument).

Peterson has not pleaded or shown that his sentence of 5 fixed years of incarceration followed by 10 indeterminate years for a serious crime is constitutionally excessive.

B. Fourteenth Amendment

Peterson has pleaded but has not provided facts showing an equal protection violation. Peterson has no right to have other co-defendants charged in the exact manner he was for sentencing purposes. Nothing in the record shows that he and the other two perpetrators are similarly situated. *See F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). "The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

The Equal Protection Clause does not require that a defendant receive a term no greater than his co-defendant even if both were convicted of the same crimes. *See Howard v. Fleming,* 191 U.S. 126, 135 (1903). In any event, Peterson's co-defendants received longer sentences. Therefore, no facts support an equal protection claim.

For the foregoing reasons, Peterson is not entitled to habeas corpus relief on his sentencing claim under any constitutional principle that can be inferred from the facts in his Petition. Claim One fails to state a claim upon which relief can be granted and will be dismissed.

**2. Claim Two**

Claim Two asserts that the state court ordered "illegal restitution." (Dkt. 3, p. 7.) He states that, prior to sentencing, he was told he would have to pay only the "hospital ambulance ride fee." (*Id.*) After sentencing, an order was entered requiring him to be jointly

and severally liable to pay over $59,000 in restitution to the ambulance service, the hospital, and the Victims Compensation Program. (*Id.*; see A-9.)

Respondent argues, and the Court agrees, that a claim challenging a restitution fine is not a cognizable basis for habeas relief because it does not challenge the validity or duration of confinement. *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999); *Bailey v. Hill*, 599 F.3d 976, 981-82 (9th Cir. 2010) ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence"). For this reason, Claim Two is subject to dismissal for failure to state a claim upon which relief can be granted.

**3. Claim Three**

Claim Three asserts that requiring Peterson to pay the victim's restitution to a hospital and not to the victim himself is unfair to the victim, because he has been "treated as a person below others undeserving of payment for the treatment he went through. Like a slave compared to their owner in the confederate states days before the Civil War." (Dkt. 3 at 8.)

Claim Three fails to state a federal habeas corpus claim upon which relief can be granted and will be dismissed. Plaintiff may not assert the monetary rights of a victim in a § 2254 action; habeas corpus is a remedy only for illegal custody. In addition, this claim is based upon restitution, which itself is a noncognizable issue.

### 4. Claim Four

Claim Four asserts that Peterson was never told by the judge that he could be placed in a prison facility that pays less than minimum wage, which, in turn, makes it difficult for Peterson to pay restitution. Peterson likens this situation to slavery, arguing that he is being treated unequally, like “a slave or illegal.” (Dkt. 3, p. 9.)

Pay for prison work does not have to be equal in pay for work in the outside world, because prison workers are not similarly situated; state taxpayers pay for all living expenses of prisoners. In addition, this claim is based upon restitution and prisoner employment pay rates, which are noncognizable issues, because they do not challenge state custody. Claim Four fails to state a claim upon which relief can be granted.

### 5. Conclusion

The Court concludes that the claims are barred because they are untimely and procedurally defaulted. Because Petitioner may be able to show equitable tolling and cause and prejudice to excuse these procedural bars, the Court instead reviewed the merits of the claims. The Court concludes that the claims are all subject to summary dismissal because Petitioner failed to provide factual and/or legal support. The Court will not provide Peterson an opportunity to respond before dismissal and entry of judgment because no conceivable amendment or explanation could transform his allegations into cognizable or meritorious habeas corpus claims.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motions for Extension of Time to File Pre-Answer Motion (Dkts. 9, 10) are GRANTED.

2. Petitioner's Motion to Dismiss Respondent's Motions for Extension of Time (Dkt. 11) is DENIED.

3. Respondent's Motion for Summary Dismissal of the Petition (Dkt. 13) is GRANTED in part on Claims Two and Three, which are DISMISSED with prejudice; the Motion is DENIED in part without prejudice on Claims One and Four.

4. Claims One and Four are DISMISSED with prejudice for failure to state a cognizable federal habeas corpus claim. Amendment would be futile.

5. Petitioner's Motion for Summary Judgment (Dkt. 15) is DENIED.

6. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States

Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: November 18, 2026

Honorable Debora K. Grasham
United States Magistrate Judge